145 F.3d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ingrid ALARCON-MANCILLA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70619.
INS No. Aec-gzn-sbo.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 16, 1998.**
Decided May 17, 1998.
 
 Petition for Review of an Order of the Board of Immigration Appeals.
 Before GOODWIN, FLETCHER and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner appeals the Board of Immigration's (BIA) final order of deportation denying petitioner's claim for asylum or withholding of deportation. We have jurisdiction, 8 U.S.C. § 1105a(a)[1], grant the petition, and reverse.
 
 I.
 
 3
 Petitioner is a 22 year old native of Guatemala. She entered the United States without permission in 1993. She concedes deportability but seeks asylum or withholding of deportation stemming in part from an incident that occurred when she was 18 years old, living with her father and 15 year old brother in Guatemala.
 
 
 4
 On January 1st, 1993, petitioner was at home with her father and brother. Around 5:00 or 6:00 p.m., three masked and armed men knocked on the door, asking for her father by name. When the door was opened, the men forced their way into the home. Two of the men beat her father while the third stood guard by the door. The men accused her father of being responsible for the disappearance of their comrades. Petitioner's father is a member of the national police, and had served in that capacity for three years at the time of the attack. Petitioner and her brother attempted to intervene. She was pushed out of the way by the masked men. She and her brother began screaming and neighbors ran to their assistance. At that point, the masked men fled through the back door. Before they left, they addressed her, telling petitioner that they could use her services, would be back for her, and threatened sexual assault. They also stated that if she refused to go with them in the future, they would kill her father. The men did not speak to her brother.
 
 
 5
 Petitioner testified that her father was badly bruised in the incident but that neither she nor her brother was injured physically. She left Guatemala four days after this incident. She and her brother remained hidden at the family home for those four days. Her father made arrangements for her to go to her mother in the United States. She testified that her brother and father would have left as well but that there was only enough money for one person to leave, and her father thought it was most important for her to leave because she had been threatened.
 
 
 6
 Since leaving Guatemala, she has not heard from her father or brother despite attempts to contact them, and fears that they have been imprisoned or killed. The house that she shared with her father and brother has been vacated and locked up. Relatives travelled to the village where her home was to ascertain the location of her father and brother and were unable to do so.
 
 
 7
 The IJ found that petitioner was credible and genuinely fears returning to Guatemala, and that her fear was reasonable. The IJ denied asylum and withholding of deportation, however, holding that petitioner's fear was not "on account of" one of the five statutory grounds for asylum. The BIA affirmed. Petitioner was granted voluntary departure.
 
 II.
 
 8
 We uphold the BIA's denial of asylum if it is supported by reasonable, substantial and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). "[W]here the IJ expressly finds certain testimony to be credible, and where the BIA makes no contrary finding, we 'accept as undisputed' the testimony given at the hearing before the IJ." Singh v. INS, 94 F.3d 1353, 1356 (9th Cir.1996) (quoting Singh v. Ilchert, 63 F.3d 1501, 1506 (9th Cir.1995)). We review de novo the BIA's determinations of purely legal questions regarding the requirements of the Immigration and Nationality Act. Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc). Specifically, whether the harm the petitioner fears is "on account" of one of the five statutory grounds is reviewed de novo. See Singh v. Ilchert, 63 F.3d 1501, 1506 (9th Cir.1995).
 
 III.
 
 9
 The BIA found that the incident at petitioner's home did not constitute persecution because the physical abuse that she suffered did not rise to the level of persecution. In that incident, in addition to physically restraining petitioner, the men threatened her with sexual assault, threatened the life of her father if she refused to accompany the men in the future, and beat her father in her presence. The facts of Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997), are strikingly similar to those in the instant case. In that case, four men broke into Sangha's home, beat his father who was a member of a political party adverse to that of the attackers, and threatened Sangha if he refused to join their cause. We held that such an incident constituted persecution, stating, "Sangha's father suffered violence, Sangha suffered threats of violence." Id. In our view, petitioner's claim of past persecution is as strong as Sangha's, entitling her to a rebuttable presumption that she has a well-founded fear of future persecution. 8 C.F.R. 208.13(b)(1)(i).
 
 
 10
 In addition, independent of any claim of past persecution, petitioner has demonstrated a well founded fear of future persecution. The IJ conceded that a reasonable person in petitioner's position would fear future persecution. The BIA apparently disagrees with that statement in its assessment that, "The respondent ... fails to establish a well founded fear of persecution through her general testimony that she and other family members have lost contact with her father and brother, who are no longer at the family home and whose whereabouts are unknown."
 
 
 11
 The BIA ignored essential testimony upon which the IJ relied (the masked men specifically threatened petitioner with forced recruitment and sexual assault and she was a witness to the beating of her father) and improperly discounted the significance of the disappearance of petitioner's father and brother. Acts of violence against family members are relevant to determining the reasonableness of petitioner's fears. See, e.g., Aruta v. INS, 80 F.3d 1389, 1395 (9th Cir.1996) (describing a number of Ninth Circuit cases in which the circumstances of a petitioner's family were considered relevant to petitioner's argument that he or she had a well founded fear of future persecution); Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991) (holding that, "acts of violence against a petitioner's friends or family members may establish a well-founded fear, notwithstanding an utter lack of persecution against the petitioner herself," so long as the pattern of violence is "closely tied" to the petitioner); Rodriguez v. INS, 841 F.2d 865, 871 (9th Cir.1988) (holding that acts of violence against petitioner's immediate family members relevant to determining whether petitioner's fear was well founded).
 
 
 12
 The IJ and BIA expressed concern that there was no conclusive proof that any harm had come to petitioner's father and brother. However, there is circumstantial evidence. Petitioner has tried without success to reach them through family and friends, the family home has been boarded up and deserted, and it was established that her father knew how to reach petitioner through her mother in the United States, but petitioner has not had word from either her father or her brother since 1993. These facts give rise to a strong inference that harm has befallen her relatives. Under these circumstances, it is unreasonable to expect petitioner to produce additional proof. We can hardly expect the guerillas to furnish an affidavit that they "disappeared" the father and brother. See Bolanos-Hernandez v. INS, 767 F.2d 1277, 1285 (9th Cir.1984).
 
 IV.
 
 13
 The BIA also held, however, that even if petitioner has proven past persecution and a well founded fear of future persecution, or either of them, such past or future persecution was not or will not be on account of her membership in a particular social group or a political opinion that has been imputed to her.
 
 
 14
 Petitioner argues that the guerillas did and will harm her because she is a member of a family headed by a man who served in the national police, i.e., that she is a member of a social group, her family, that has been targeted for persecution. We have held that a " 'particular social group' implies a collection of people closely affiliated with each other," and that a "prototypical example of a 'particular social group' [ ] consist[s] of the immediate members of a certain family." Sanchez-Trujillo v. INS, 801 F.2d 1571, 1576 (9th Cir.1986); see also, Hernandez-Ortiz v. INS, 777 F.2d 509, 516 (9th Cir.1985) (holding that a family is a "small, readily identifiable group"). Our decision in Estrada-Posadas v. INS, 924 F.2d 916, 919 (9th Cir.1991) is not to the contrary. In that case, we held that the "concept of persecution to a social group" does not extend to the persecution of a family. Id. at 919. Petitioner, however, had claimed that the persecution of her cousin, uncle, and "relatives on her mother's side," id. at 918, supported her assertion that she will be persecuted on account of her membership in a social group. In Sanchez-Trujillo, as in the case at hand, we were concerned with the "immediate members" of a single family, with a "small, readily identifiable group." It provides the more relevant guidance.[2]
 
 
 15
 Petitioner has provided ample evidence that the guerillas did and will harm her because of her relationship with her father. The only reason the BIA gave in support of its holding that petitioner was not and will not be persecuted on account of her membership in a social group is that the guerillas purportedly came to petitioner's home only to attack her father. This ignores the fact, however, that once at her home, petitioner, too, was identified as a member of the family and became the object of persecution and threats. It was unreasonable in light of petitioner's credible testimony for the BIA to summarily conclude that the guerillas did not and will not persecute her on account of her relationship with her father and her presence in his home. Petitioner repeatedly testified that the guerillas were interested in her and that she fears future persecution because she is the daughter of their enemy. Petitioner's claim is bolstered by the disappearance of her brother, the only other family member present the night of the attack. Like the petitioner, there is no evidence that the brother was known to the guerillas before the night of the attack. It can be reasonably inferred from his disappearance, however, that the guerillas identified him as an enemy the night of the attack when they learned of his relationship to his father. Such a conclusion is supported further by petitioner's father's immediate and fervent efforts to hide petitioner and then send her out of the country immediately after the attack.
 
 V.
 
 16
 Petitioner has suffered past persecution and has a well founded fear of future persecution. She was attacked and fears being sexually assaulted or killed in the future because of her membership in a family headed by a man known to the guerillas as a member of the national police and an enemy. The facts of this case compel us to conclude that petitioner has established a clear probability that she may be persecuted or killed on account of her relationship with her father. She therefore may not be deported. She is also eligible for asylum. We direct that petitioner be granted withholding of deportation, and remand so that the Attorney General can determine whether asylum should be granted.
 
 
 17
 REVERSED and REMANDED for further proceedings.
 
 GOODWIN, Circuit Judge, Dissenting:
 
 18
 Under the deferential review this court is required to give decisions of the BIA, I do not agree that the BIA abused its discretion, or failed to follow the law when it denied the pending petition. Deportation may be withheld only if the petitioner's life or freedom would be threatened on account of her "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h). Contrary to the majority's opinion, I do not believe that membership in a family qualifies as "membership in a particular social group" under the plain terms of the statute. As we stated in Estrada-Posadas v. INS, 924 F.2d 916, 919 (9th Cir.1991), "[i]f Congress had intended to grant refugee status on account of 'family membership,' it would have said so." Holding otherwise would, in effect, grant asylum to any refugee who can claim that one immediate family member has been persecuted at the hands of his or her fellow countrymen. Because there is no evidence that the Petitioner's threatened fate is causally related to, or on account of, any of the statutory reasons for granting asylum, I would deny the petition.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 repeals 8 U.S.C. § 1005a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 100 Stat. 3009 (Sept. 30 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656
 The "transitional rules" under the IIRIRA apply to the instant case because deportation proceedings were not initiated before April 1, 1997, but the BIA's decision was entered after October 31, 1996. These rules, found in the notes to 8 U.S.C. § 1101, do not affect the review of asylum claims except that petitioner's appeal from the BIA to this court must have occurred within 30 days. Petitioner's appeal was timely under the transitional rule.
 Even though the transitional rules apply, this court still has jurisdiction pursuant to 8 U.S.C. § 1005a. See IIRIRA 309(c)(1).
 
 
 [2]
 The First Circuit noted that the "exact state" of the law in the Ninth Circuit in regard to this issue is unclear, but agreed with the reasoning of Sanchez-Trujillo, noting, "[t]here can, in fact, be no plainer example of a social group based on common, identifiable and immutable characteristics than that of the nuclear family." Gebremichael v. INS, 10 F.3d 28, 36 & n. 21 (1st Cir.1993)
 Moreover, we implicitly affirmed the conclusion that one's immediate family constitutes a social group in Aruta v. INS, 80 F.3d 1389 (9th Cir.1996). There, petitioner sought asylum because she feared that two Filipino terrorist groups would persecute her, an individual with no political affiliations of her own, "based on her relationship with her father." Id. at 1391. Although a divided panel of this court ultimately found that Ms. Aruta had not established that her fear of future persecution was well founded, the majority did suggest that such a claim was possible, noting that acts of violence against one's family members, particularly "identically situated" siblings, were highly relevant to the inquiry.